## Davenport, Assignee, *versus* Wright.

1. Where part of the amount for which a judgment has been confessed by an agent, was included without authority, the judgment is void only for the excess, unless the excess was fraudulently included.

2. When a plaintiff in error alleges that there is no evidence to support the charge of the court, it is his duty to furnish in his paper-book the whole evidence given in the court below, certified by the judge.

3. Where there was an issue to try the validity of a judgment confessed in favour of a creditor of a bank, which judgment was shortly afterwards assigned to the vice-president of the bank, evidence that all the assets of the bank went into the vice-president's hands, that no losses were sustained by the bank, and that no assets went into the hands of any of the other directors, is incompetent to show fraud in the confession of the judgment, without the offer of any other facts tending to show a fraudulent use of the assets.

ERROR to the Court of Common Pleas of *Erie county*, in which this was an issue directed by the court to try how much, if anything, was due on a judgment confessed in favour of James Skinner against the Bank of Commerce, January 24th 1861, for $3456.83, the defendant to be allowed to traverse the consideration of the judgment in whole or in part. The judgment was assigned to Charles B. Wright; the bank had failed and assigned all its assets to S. A. Davenport. The court directed the issue to be in *indebitatus assumpsit*, in which Wright should be plaintiff, and Davenport, assignee of the bank, defendant.

The bank being in a failing condition, and Skinner with other creditors pressing it, the directors authorized the cashier to confess a judgment to him for the amount of his claim, about $2000. At the request of Wright, who was vice-president of the bank, Skinner consented to have other debts of the bank included in the judgment, and it was confessed by Mr. Hill, the cashier, for $3456.83; a transcript of this judgment was entered in Schuylkill county, where the bank owned real estate.

The verdict was for the plaintiff for $2559.33.

The defendant's effort was to prove that all the assets of the bank went into the hands of Wright; that no losses were sustained by the bank, and that no assets went into the hands of other directors; to show fraud in confessing the judgment. In support of this he offered to prove by J. C. McCreary, teller and bookkeeper of the bank, and by some of the directors, that all the assets of the bank passed into the hands of Wright the vice-president; also a statement by the officers of the bank with Wright's affidavit attached, filed in the prothonotary's office, to show that the bank had sustained no losses, to be followed by evidence that no assets went into the hands of any director but Wright. The court rejected the offer, saying that the defendant might prove that the judgment was paid in whole or in part by assets of the bank, but not to show that they all passed into the hands of Wright, so as to

draw the inference that they had been applied to that judgment. This was the first error assigned.

The defendant assigned also the following errors to the charge :—

2. The court erred in denying the defendant's second point, which was, If the jury, from the evidence, find that the judgment in favour of James Skinner was confessed for a larger amount than what was due to him from the bank, then it was in fraud of the creditors of the bank and consequently void.

This point the court thus answered: " Under the evidence before us, the defendant contends that the entire judgment was void, but to this we cannot accede. Had it been confessed for more than was actually due and owing by the bank to Skinner and the others whose claims were included in the judgment, and that knowingly and purposely, the defendant's position would doubtless be correct. But the evidence does not warrant this conclusion. The resolution of the bank limited the power of the cashier in the confession of the judgment to the amount due and owing James Skinner, and if he exceeded that, as it is claimed he did, the judgment is void for the excess."

3. The court erred in its charge to the jury, instructing them that " before judgment was entered, Mr. Wright suggested to Mr. Skinner that there were certain others whom he would like to see secured, and if he would consent to have these claims embraced in the same judgment he would see the whole paid, and take an assignment of the judgment to himself. To this Skinner made no objections, and on the 23d of January 1861, judgment was entered in his favour by the confession of the cashier for $3456.83, and on paying Skinner the amount of his claim, and the others, took an assignment of it."

4. The court erred in charging the jury thus: " Some time after this (after the assignment by Skinner to Wright), but how long after, the evidence does not show, the bank made an assignment to S. A. Davenport, the present defendant."

5. The court erred in charging thus: " Under the evidence before us, the defendant contends that the entire judgment was void, but to this we cannot accede. Had it been confessed for more than was actually due and owing by the bank to Skinner and the others whose claims were included in the judgment, and that knowingly and purposely, the defendant's position would doubtless be correct. But the evidence does not warrant this conclusion. Nor is it perceivable that there was anything morally wrong in the parties making the judgment more than the resolution of the bank contemplated, if the claims of those other than Skinner's, embraced in the judgment, were honest, which is not gravely questioned, though it was questioned whether they or some of them, existed in bills of the bank or in accounts in their favour in its books. In one shape or the other they appear to have existed."

[Davenport *v.* Wright.]

*John H. Walker* and *S. A. Davenport*, for plaintiffs in error. —Under the issue and pleadings, the defendant may give in evidence whatever will tend to show the plaintiff, in equity should not recover. Showing that Wright took all the assets of the bank tended to show that he had used enough of them to pay the debts, or a percentage of them. It is a fair conclusion that an officer is presumed properly to appropriate the funds in his hands. The jury were to decide whether the evidence would result in nothing favourable. This *tended* to show that the plaintiff *ex æquo et bono* should not recover; and was therefore legitimate under the plea of *non assumpsit:* 4 Yeates 349; 4 Dall. 130; 5 Barr 152; 6 Casey 190; 5 S. & R. 394; 10 Barr 43; 6 Harris 130; 2 Wright 128. There was, besides, the fact that Wright had arranged beforehand to pay Skinner's claim and take an assignment of the judgment. As to the second and fifth errors, both the evidence received and rejected tended to show a fraud by which Wright hoped to appropriate to himself the land in Schuylkill county. The claims which increased the judgment in favour of Skinner had been paid, and Wright being officer of the bank, and having access to the books, was bound to know it. This would be fraudulent, and therefore avoided the whole judgment: Gates *v.* Johnson, 3 Barr 55.

There is no evidence to justify the portion of the charge contained in the third error.

As to the fourth error, the evidence shows when the assignment was made.

*Jas. C. & F. F. Marshall*, for defendant in error.—The evidence showed that the bank owed all for which the judgment was confessed, and the evidences of the indebtedness were delivered to the cashier. Wright paid the parties in interest the amount due them, and thus purchased the judgment. This he had a right to do.

If Wright got the assets, he is accountable for them to the creditors of the bank, and could not set up this judgment as a set-off. Creditors can attack a judgment only for fraud: when it is irregular, none but the defendant himself can interfere: Drexel's Appeal, 6 Barr 272; Hauer's Appeal, 5 W. & S. 473; Dickerson's Appeal, 7 Barr 257.

The opinion of the court was delivered, January 23d 1866, by AGNEW, J.—There is much in the history of the case and argument of the plaintiff in error to deserve attention, had it been supported by the record; but we must be governed by the latter alone. The whole offer contained in the bill of exceptions, when condensed, is this:—to prove that all the assets of the Bank of Commerce went into the hands of Mr. Wright, the vice-president; that no losses were sustained by the bank; and no assets went

.[Davenport *v.* Wright.]

into the hands of the other directors; for the purpose of showing fraud in the confession of the judgment to Mr. Skinner.

How this evidence, standing unconnected with any other fact or circumstance to give it character, could prove fraud in the concoction of the judgment, it is impossible to see. The judgment was confessed, not by Wright, but by Hill, the cashier, under a resolution of the directors. The possession of the assets of the bank by its vice-president certainly was no unnatural or suspicious fact, and a jury from that alone could draw no legal inference of fraud. Had the proposition been to show that the bills of the bank, constituting a portion of the consideration of the judgment, were a part of these assets, or had any other fact been offered in connection tending to show a fraudulent use of the assets to make up a part of the judgment, no doubt the offer would have been received by the learned judge below.

From the reasons given by him for rejecting the evidence offered, it seems to be clear the offer was accompanied by no such proposition, even orally made. He rejected it because, as it stood naked and unconnected, no inference could be properly drawn from it, and it would be an inquiry foreign to the issue and leading to no proper purpose. While it is true that the evidence in a cause, especially in proof of fraud, proceeds step by step, and a party need not state in a single offer everything he intends to prove, it should appear to the judge that the evidence has some relevancy to the issue trying; and if he is not informed of the connection it has, we cannot say he has committed a clear error in rejecting it. As to all that is said in reference to the competency of the offer to show payment, the answer is found in the fact that the court did not reject it for this purpose, the learned judge expressly stating that it was permissible to the defendant under the issue as formed, to prove that the judgment was paid in whole or in part with the assets of the bank.

We see no error in the answer to the defendant's second point. The answer is in substance that the whole judgment was not void because of an erroneous excess, but that the excess included without authority is void, and the whole judgment could be held to be void only where the excess is fraudulently included. The language of the general charge on the same subject complained of in the fifth error assigned is substantially the same. The complaints as to the assumption of facts not proven we cannot test by the evidence. When the allegation is made that there is no evidence to support the charge, it is the duty of the plaintiff in error to furnish in his paper-book the whole evidence given in the court below, properly certified by the judge who tried the cause. In the absence of this, it is impossible for this court to say that facts have been assumed without evidence.

The judgment is affirmed.